UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEREMY PENDERGRASS, | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | ) No.: 3:15-CV-129-TAV-HBG |
| | ) |
| DERRICK SCHOFIELD, et al., | ) |
| | ) |
| *Respondents*. | ) |

## **MEMORANDUM AND ORDER**

The Court is in receipt of a *pro se* prisoner's submission, which is styled as a complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc 1]. A federal court "sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize it in order to place it within a different legal category . . . to create a better correspondence between the substance of *a pro se* motion and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (citations omitted).

The facts set forth in the filing involve allegations that Mr. Pendergrass was sentenced under laws that are unconstitutional and/or do not exist, and that his identification number is or was wrong. Though the submission is rather confusing, the Court understands these allegations to be an attack on petitioner's unidentified state court sentence. Accordingly, if petitioner intended to seek a federal court remedy, the filing could be characterized as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (finding that allegations of illegal

detention relate directly to the fact and duration of physical confinement and must be raised in a habeas corpus petition).

Before a *pro se* litigant's motion may be recharacterized as a first § 2254 petition, however, the district court must warn him that it intends to do so and that treating the filing as a habeas corpus application will subject any later submissions to the restrictions on second or successive petitions in 28 U.S.C. § 2244. *Martin v. Overton*, 391 F.3d 710, 713-14 (6th Cir. 2004); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).

However, as the filed pleading has various problems which need to be corrected, the Court will not recharacterize the pleading at this time, but instead will require petitioner to correct his filing. A great deal of information is required for a habeas petition which is not supplied in the instant filing. *See* Rule 2(d), Governing Section 2254 Cases. Also, a petitioner who seeks habeas relief from an alleged unconstitutional conviction must first exhaust his available state court remedies by fairly presenting all his claims to the courts in the state where he was convicted. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). There is no indication in this instant pleading that this exhaustion requirement has been met. Accordingly, within twenty (20) days of the date on this Order, petitioner must fill out and return the preprinted standard form, which is attached for his convenience and which is used to file § 2254 applications, to signify that, in filing this pleading, he intended to bring a petition for a writ of habeas corpus.

Unless petitioner complies with this order in a timely fashion, the Court will assume that he does not wish to proceed in this matter and will dismiss his pleading for failure to state a claim upon which relief may be granted and/or want of prosecution.

**E N T E R**:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE